UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Fabiana V. Dominguez,
Alexi Ferrer,
and other similarly situated individuals,

      Plaintiffs,

v.

Velocity Service Group, FL, LLC,

      Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COME NOW Plaintiffs Fabiana V. Dominguez, Alexi Ferrer, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Velocity Services Group, FL, LLC, and allege:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiffs Fabiana V. Dominguez and Alexi Ferrer are residents of Charlotte County, Florida, within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act. (Plaintiffs Fabiana V. Dominguez and Alexi Ferrer are husband and wife).

3.  Defendant Velocity Services Group, FL, LLC (from now Velocity Services, or Defendant) is a Florida Limited Liability Company, doing business in Collier and Lee County, Florida, where Plaintiffs worked for Defendant.

4.  Defendant Velocity Services was the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

5.  All the actions raised in this Complaint occurred in Collier and Lee County, Florida, within this Court's jurisdiction.

## General Allegations

6.  This cause of action is brought by Plaintiffs Fabiana V. Dominguez and Alexi Ferrer as a collective action to recover from Defendant regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act.") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class") and who

worked more than forty (40) hours during one or more weeks on or after October 2022, (the "material time") without being adequately compensated.

7. Defendant is a for-profit organization providing catastrophe cleanings, demolitions, renovations, and construction services. Defendant's parent company is located in Conroe, TX 77301.

8. Defendant Velocity Services was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r)(1),(2) (A), and 203(s)(1)(A). Defendant is a construction and remodeling company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were employed as construction laborers. Plaintiffs regularly handled and worked on goods and materials produced for

commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant Velocity Services employed Plaintiffs Fabiana V. Dominguez and Alexi Ferrer, as non-exempted, full-time employees approximately between October 02, 2022, and November 03, 2022, or 4 weeks and 4 days.

11. Plaintiffs were hired to work as laborers, performing removal of demolition debris and clean-up in the areas devastated by hurricane Ian.

12. Plaintiffs were paid at the rate of $18.00 an hour. Plaintiffs' overtime rate should be $27.00 an hour.

13. While employed by Defendant, Plaintiffs had a regular and mandatory schedule, and they worked six days weekly. Plaintiffs worked from Monday to Friday from 8:00 AM to 5;00 PM (9 hours daily). On Saturdays, Plaintiff worked from 8:00 AM to 3:00 PM (7 hours).  Plaintiffs worked a total of 46 hours weekly. Plaintiff have already deducted 6 hours of lunchtime weekly.

14.  Plaintiffs worked more than 40 regular hours per week. However, Defendant did not pay Plaintiffs for overtime hours.  Defendants paid Plaintiffs for all their working hours, but at their regular rate.

15. Plaintiffs did not clock in and out, but Defendant could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about Plaintiffs' number of working hours for the week.

16. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. On or about November 03, 2022, Plaintiff Alexi Ferrer was fired due to unfair accusations.

18. On or about November 03, 2022, Plaintiff Fabiana V. Dominguez resigned from her position as a construction laborer.

19. When Plaintiffs stopped working, Defendant Velocity Services refused to pay Plaintiffs one week and four days of hard-earned wages.

20. Therefore, Defendant willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

21. Plaintiffs Fabiana V. Dominguez and Alexi Ferrer seek to recover unpaid regular and overtime wages accumulated during their relevant time of employment with Defendant, liquidated damages, and any other relief as allowable by law.

22. Plaintiffs are not in possession of time records, but they will provide a good-faith estimate about their unpaid wages.

23. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

<u>Collective Action Allegations</u>

24. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for regular hours and overtime hours at the rate of time and one-half their regular rate.

26. This action is intended to include every construction laborer and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

27. Plaintiffs Fabiana V. Dominguez and Alexi Ferrer re-adopt every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

28. This action is brought by Plaintiffs Fabiana V. Dominguez, Alexi Ferrer, and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs,

and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant Velocity Services employed Plaintiffs Fabiana V. Dominguez and Alexi Ferrer as non-exempted, full-time employees approximately between October 02, 2022, and November 03, 2022, or 4 weeks and four days.

30. Plaintiffs were hired to work as laborers, performing the removal of demolition debris and clean-up in the areas devastated by hurricane Ian.

31. Plaintiff were paid at the rate of $18.00 an hour. Plaintiffs' overtime rate should be $27.00 an houir.

32. While employed by Defendant, Plaintiffs had a regular and mandatory schedule, and they worked six days weekly. a total of 46 hours weekly. Plaintiff have already deducted 6 hours of lunchtime weekly.

33.  Plaintiffs worked more than 40 regular hours per week. However, Defendant did not pay Plaintiffs for overtime hours.  Defendants paid Plaintiffs for all their working hours, but at their regular rate.

34. Plaintiffs did not clock in and out, but Defendant could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about Plaintiffs' number of working hours for the week.

35. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

36. Plaintiffs were paid in cash, without paystubs providing information about the number of days and hours worked, wage rate paid, employees' taxes withheld, etc.

37. The records if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiffs and other employees upon information and belief. Therefore, Defendant violated the record-keeping requirements of FLSA, 29 C.F.R. Part 516.

38. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

39. Plaintiffs are not in possession of time records, but they will provide a good-

faith estimate about their unpaid overtime hours.

40. Plaintiffs' overtime damages are as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best
recollections. Plaintiffs reserve the right to modify their calculations after
discovery is taken and payroll is received from Defendant.
*Florida's minimum wage is higher than the federal minimum wage. As per
FLSA regulations, the higher minimum wage applies.

**1.- Plaintiff Fabiana V. Dominguez- O/T for 4 weeks =  $216.00**

    a.  <u>Total amount of alleged unpaid wages</u>:

        Two Hundred Sixteen Dollars and 00/100 ($216.00)

    b.  <u>Calculation of such wages</u>:

        Total weeks of employment:  4 weeks and 4 days
        Total relevant weeks of employment: 4 weeks
        Total hours worked: 46 hours weekly
        Total unpaid O/T hours: 6 O/T hours weekly
        Wage rate: $18.00 an hour x 1.5=$27.00
        O/T rate: $27.00 an hour-$18.00 O/T rate paid= $9.00 Half-time
        Half-time: $9.00

        Half-time $9.00 x 6 O/T hours=$54.00 weekly x 4 weeks=$216.00

    c.  <u>Nature of wages</u>:

        This amount represents unpaid overtime wages

**2.- Plaintiff Alexi Ferrer- O/T for 4 weeks =  $216.00**

    a.  <u>Total amount of alleged unpaid wages</u>:

        Two Hundred Sixteen Dollars and 00/100 ($216.00)

    b.  <u>Calculation of such wages</u>:

Total weeks of employment:  4 weeks and 4 days
Total relevant weeks of employment: 4 weeks
Total hours worked: 46 hours weekly
Total unpaid O/T hours: 6 O/T hours weekly
Wage rate: $18.00 an hour x 1.5=$27.00
O/T rate: $27.00 an hour-$18.00 O/T rate paid= $9.00 Half-time
Half-time: $9.00

Half-time $9.00 x 6 O/T hours=$54.00 weekly x 4 weeks=$216.00

    c.  <u>Nature of wages</u>:

This amount represents unpaid overtime wages

41. At all times, the Employers/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly situated these overtime wages, as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages.

43. Defendant Velocity Services willfully and intentionally refused to pay Plaintiffs overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remain owing Plaintiffs these overtime wages since the commencement of Plaintiff's employment with Defendant.

44. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiffs Fabiana V. Dominguez, Alexi Ferrer, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Fabiana V. Dominguez, Alexi Ferrer, and other similarly situated individuals and against the Defendant Velocity Services based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Fabiana V. Dominguez and Alexi Ferrer demand a trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
### FAILURE TO PAY MINIMUM WAGE

45. Plaintiffs Fabiana V. Dominguez and Alexi Ferrer re-adopt every factual allegation as stated in paragraphs 1-26 of this Complaint, as if set out in full herein.

46. Plaintiffs bring this action to recover from the Employer Velocity Services unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

47. Defendant Velocity Services was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

48. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for

commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

49. Defendant Velocity Services employed Plaintiffs Fabiana V. Dominguez and Alexi Ferrer as non-exempted, full-time employees approximately between October 02, 2022, and November 03, 2022, or 4 weeks and four days.

50. Plaintiffs were hired to work as laborers, performing the removal of demolition debris and clean-up in the areas devastated by hurricane Ian.

51. Plaintiff were paid at the rate of $18.00 an hour.

52. While employed by Defendant, Plaintiffs had a regular and mandatory schedule, and they worked six days weekly. a total of 46 hours weekly. Plaintiff have already deducted 6 hours of lunchtime weekly.

53. Plaintiffs worked more than 40 regular hours per week. However, Defendant did not pay Plaintiffs for overtime hours. Defendants paid Plaintiffs for all their working hours, but at their regular rate.

54. On or about November 03, 2022, Plaintiff Alexi Ferrer was fired due to unfair accusations.

55. On or about November 03, 2022, Plaintiff Fabiana V. Dominguez resigned from her position as a construction laborer.

56. When Plaintiffs stopped working, Defendant Velocity Services refused to pay Plaintiffs one week and four days of hard-earned wages.

57. Plaintiffs did not clock in and out, but Defendant could track the number of hours worked by Plaintiffs and other similarly situated individuals. Defendant knew about Plaintiffs' number of working hours for the week.

58. Therefore, Defendant willfully failed to pay Plaintiffs minimum wages in violation of 29 U.S. Code §206 (a)(1).

59. There is a substantial number of working hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

60. Plaintiffs were paid in cash, without paystubs providing information about the number of days and hours worked, wage rate paid, employees' taxes withheld, etc.

61. The records, if any, concerning the number of hours worked by Plaintiffs and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiffs and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

62. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

63. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' reasonable faith estimate of unpaid wages is as follows:

*Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll is received from Defendant.
* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

64. **1.-Plaintiff Fabiana V. Dominguez-Min. wages, 1 week + 4 days, owed $847.00**

    a. <u>Total amount of alleged unpaid wages</u>:

       Eight Hundred Forty-Seven Dollars and 00/100 ($847.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 4 weeks and 4 days
       Total number of unpaid weeks: 1 week and 4 days
       Total number of unpaid hours: 1 week of 46 hours, plus 1 week of 31 hours
       Fl Minimum wage 2022: $11.00

       i.    $11.00 x 46 hours = $506.00 x 1 week = $506.00
       ii.   $11.00 x 31 hours=$341.00 x 1 week = $341.00

       Total i and ii: $847.00

c.  <u>Nature of wages</u>:

This amount represents regular unpaid wages at the Florida minimum wage rate.

**2.-Plaintiff Alexi Ferrer-Min. wages, 1 week + 4 days, owed $847.00**

a.  <u>Total amount of alleged unpaid wages</u>:

Eight Hundred Forty-Seven Dollars and 00/100 ($847.00)

b.  <u>Calculation of such wages</u>:

Total period of employment: 4 weeks and 4 days
Total number of unpaid weeks: 1 week and 4 days
Total number of unpaid hours: 1 week of 46 hours, plus 1 week of 31 hours
Fl Minimum wage 2022: $11.00

i.   $11.00 x 46 hours = $506.00 x 1 week = $506.00
ii.  $11.00 x 31 hours=$341.00 x 1 week = $341.00

Total i and ii: $847.00

c.  <u>Nature of wages</u>:

This amount represents regular unpaid wages at the Florida minimum wage rate.

65. Defendant Velocity Services unlawfully failed to pay Plaintiffs Fabiana V. Dominguez and Alexi Ferrer minimum wages.

66. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor

Standards Act and remains owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendant as set forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

67. Defendant Velocity Services willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act.

68. Plaintiffs Fabiana V. Dominguez and Alexi Ferrer have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Fabiana V. Dominguez, Alexi Ferrer, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Fabiana V. Dominguez and Alexi Ferrer and against Defendant Velocity Services based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiffs Fabiana V. Dominguez, Alexi Ferrer, and those similarly situated

demand trial by a jury of all issues triable as a right by a jury.

Date:  December 19, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*